ROBERT L. BLAND, Judge.
Section 17 of the court of claims act, authorizing the determination of claims against the state under the shortened procedure provision of the statute, stipulates that the state agency concerned shall prepare the record of the claim consisting of all papers, stipulations and evidential documents required by the rules of the court. It further provides that the record shall be filed with the clerk and that the court shall consider the claim informally upon the record submitted. In pursuance of this section the state road commission prepared the record of the above captioned claim and filed it with the clerk on January 11, 1943. The claim is for $182.00. The state road commission concurs in its payment and assigns as reason for such payment that it would be “more economical to pay than to defend,” and that it “desires to save wear on tires in transportation of witnesses. Some of the witnesses are nonresidents and cannot be compelled to attend.” The approval of the claim for payment by the assistant attorney *75 general is as follows: “This report seems to indicate that the state cannot adequately defend this claim under regular procedure.” It does not thus appear that the claim in question has been approved by the attorney general as one that, in view of the purposes of the statute, should be paid.
From our examination of the record we are not prepared to agree with the state road commission that the claim should be paid. In this connection we are constrained to observe that state agencies should be exceedingly careful before concurring in the payment of claims against the state that are not to be heard by the court under the regular procedure prescribed by the court act and that are to be considered only informally upon the record prepared and filed by such agency. Before any such concurrence or approval for payment it should be very clear from the record filed that the claim asserted against the state is possessed of merit and should, under all of the facts and circumstances disclosed by the record, be ascertained by the court to be an approved claim and an award made therefor.
The claim grows out of an accident in which state road commission truck no. 530-98, operated by Fred Belt, was involved with a school bus operated by an employee of claimant E. J. Thompson, of Cumberland, Maryland, on u. s. highway no. 220, near Creasaptown, Maryland, on May 14, 1942. It appears from a report made to J. H. Feingold, chief clerk of the state road commission, by L. R. Taylor, district engineer, under date of January 7, 1943, that the records and reports of the accident do not show liability or fault in any manner on the part of the state road commission. Mr. Taylor expressed the opinion that it would be more economical and advisable to settle the claim of Mr. Thompson than to make defense thereto, and for that reason recommended the approval for payment of the claim under consideration. He stated that to defend the claim in the court of claims it would be necessary to “induce several employees of the Western Maryland "Railway Company, residents of Maryland, to go to Charleston in addition to some of our employees. Loss of time, transpor *76 tation, and lodging of witnesses would amount to more than the claim.”
It appears from the record that the accident occurred about eight o’clock in the morning. A Western Maryland Railroad truck was driving on the highway. It was followed by a school bus, seemingly owned by claimant E. J. Thompson. As the school bus approached the Western Maryland Railroad truck it swerved to the left of the truck ahead of it and attempted to pass it, but being unable to do so swerved to the right of the truck and to prevent colloding with the Western Maryland Railroad truck came to an abrupt stop. Almost instantaneously the state road commission truck crashed into the rear of the school bus. As a result of the collision the school bus was damaged and it is shown by the record that claimant paid $182.00, the amount for which his claim is filed, for the purpose of repairing the bus. At the time the accident occurred the school bus was transporting twenty-five pupils to the Creasap-town school. All of these pupils suffered injuries to some extent. Two of them were sent to a hospital for treatment. Each of these pupils could assert a claim against the state of West Virginia if the state road commission truck were shown to be responsible for the accident.
We are of opinion from the showing made by the record prepared by the state road commission and filed with the clerk that the state road commission truck was not responsible for the accident and that it was not at fault in any way. We are further of opinion that the driver of the school bus was negligent in attempting to pass the Western Maryland Railroad truck and in stopping the school bus abruptly at the time when it was inevitable that the road truck and the school bus must of necessity collide. The driver of the school bus gave no sign or indication of his purpose to swerve from the left to the right of the Western Maryland Railroad truck or to bring his bus to a sudden and unexpected stop immediately in front of the road truck. The driver of the road commission truck had no warning and no opportunity to avoid the collision. The responsibility for the accident rests with the manner *77 in which the school bus was operated. We find that the claim of Mr. Thompson is not one for which the state of West Virginia should respond to him in damages.
It might oftentimes appear to the state road commission that it would be more economical to make settlement of a claim asserted against the state on account of the alleged negligence of the road commission than to defend against such claim. The court of claims, however, cannot look with favor upon or sanction such settlements. We have no power to make awards except for claims shown to be meritorious and for which in view of the purpose of the statute creating the court of claims recommendations should be made to the Legislature for appropriations. The state has power to interpose any legal or equitable defense that it may see fit to make against an unjust claim filed against it or any of its agencies, and it is its duty to make such defense.
The court of claims cannot be bound by any settlement proposed to be made by any agency of the state unless such proposed settlement is shown to be warranted by the record of the claim.
The claim in question, being an improper claim against the state of West Virginia, is now denied and dismissed and an order will be made accordingly.